J-S61026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SARAH J. DIXON | |
| Appellant | No. 2020 WDA 2015 |

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000778-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 13, 2016**

Sarah J. Dixon appeals from the order entered in the Court of Common Pleas of Crawford County, which denied her motion to dismiss burglary and related charges filed against her based upon double jeopardy grounds.  After careful review, we affirm.

The trial court summarized the relevant facts and procedure as follows:

> [Dixon] was charged in four counts with burglary, theft by unlawful taking, and criminal mischief, stemming from the May 2015 removal of firearms from the Hollabaugh residence in Steuben Township.  Her trial commenced on November 9, 2015, and on direct examination, witness Brian Lee Hollabaugh was asked by the Commonwealth *inter alia* whether, on or about May 16, [Dixon] told him that he owed her money, and what she would do if he didn't pay.  He answered in the affirmative, and the trial was halted and a mistrial declared due to the prosecution's failure to disclose, prior to trial, at least the substance of [Dixon's] apparently incriminating statements to Mr. Hollabaugh.

> [Dixon] filed her motion [to dismiss the criminal information based on double jeopardy] on November 10, 2015[,] the Commonwealth answered on November 18, 2015[,] and argument was heard on December 2, 2015.

Trial Court Opinion, December 15, 2015, at 1-2. Thereafter, on December 15, 2015, the trial court denied the motion and found it to be nonfrivolous.[1]

This timely appeal followed.

On appeal, Dixon raises the following issue for our review:

> Should the information against [Dixon] be dismissed based on double jeopardy when the first trial was declared a mistrial because of the intentional actions of the prosecutor [in] denying her access to mand[a]tory discovery until after the [trial] started[,] prejudic[ing] [Dixon] to the point of denying her a fair trial and forcing her to request a mistrial?

Brief for Appellant, at 7.

The scope of our review in an appeal grounded in double jeopardy is plenary, as it raises a question of constitutional law. *Commonwealth v. Wood*, 803 A.2d 217, 220 (Pa. Super. 2002). Following a mistrial due to

---

[1] Pursuant to Pa.R.Crim.P. 587, if the trial court judge denies a motion to dismiss on double jeopardy grounds "but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order." Pa.R.Crim.P. 587(B)(6). Here, the trial court did not expressly include its finding of nonfrivolousness when it ruled on the motion. However, the court issued an order addressing this issue on January 27, 2016, in which it stated that the "[c]ourt intended implicitly to find that [the motion] was not frivolous[,]" and advised Dixon of her right to immediately appeal the denial as a collateral order. *See* Order, 1/27/16, at n. 1-2.

prosecutorial misconduct, we determine whether retrial is barred due to double jeopardy based upon the following standard:

> Under both the federal and state constitutions, double jeopardy bars retrial where the prosecutor's misconduct was intended to provoke the defendant into moving for a mistrial. . . . [Our Supreme Court has held] that the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial. [**Commonwealth v. Smith**, 615 A.2d 321, 325 (Pa. 1992),] . . . However, **Smith** did not create a *per se* bar to retrial in all cases of intentional prosecutorial overreaching.

**Commonwealth v. Culver**, 51 A.3d 866, 882-83 (Pa. Super. 2012) (some citations omitted).  As to our review of the trial court's findings of fact,

> [w]here issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

**Wood**, **supra** at 220.

In **Commonwealth v. Burke**, 781 A.2d 1136 (Pa. 2001), our Supreme Court clarified that prosecutorial misconduct does not warrant dismissal of charges unless it is deliberate and egregious, such as the conduct that occurred in **Smith**.  In **Smith**, the Commonwealth intentionally withheld information from a capital defendant, including:

> (1) the existence of an agreement with its chief witness pursuant to which he received lenient treatment at sentencing on unrelated charges in exchange for his testimony, and (2) material, exculpatory physical evidence that it had discovered

mid-trial. The physical evidence consisted of grains of sand that were found between the toes of the murder victim at her autopsy. The sand was consistent with Smith's defense that the crime had been committed in Cape May, New Jersey, by others, and not by him in Pennsylvania, as the Commonwealth had alleged.

*Burke*, *supra* at 1144.

In *Burke*, the Court reaffirmed its holding in *Commonwealth v. Moose*, 602 A.2d 1265 (Pa. 1992). In *Moose*, the prosecutor's failure to inform defense counsel of a witness' police statement containing incriminating admissions allegedly made by the defendant amounted to a willful violation of discovery rules*.* Nevertheless, despite the intentional nature of the failure to disclose the evidence, the Court remanded the matter for a new trial. *Burke*, *supra* at 1145. *See also Commonwealth v. Strong*, 825 A.2d 658, 668-70 (Pa. Super. 2003) (Commonwealth's failure to reveal information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), did not warrant dismissal of charges where there was lack of evidence demonstrating specific intent to deny defendant a fair trial).

Dixon asserts that the Commonwealth "denied [her] a fair trial by proceeding to trial knowing that there was new discovery to provide [to her,] but then [the Commonwealth] intentionally tried to continue the non-disclosure." Brief for Appellant, at 9. The new discovery to which Dixon refers was information provided to the Commonwealth approximately fifteen minutes prior to trial starting, involving potentially inculpatory statements. *See* Pa.R.Crim.P. 573(B)(1)(b) (Commonwealth is required to disclose to defendant's attorney "the substance of any oral confession or inculpatory

statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth").

The relevant statements came to light during the following exchange at trial:

[Direct Examination of Brian Lee Hollabaugh by Assistant District Attorney (ADA) Douglas Ferguson:]

Q.    Okay.  And did you tell us how soon after you talked to your father about the guns that you called Dixon?

A.    Shortly after – within half hour probably.

Q.    And what did you – what did you say to her?

A.    I said, [d]id you go to my parent's house and steal mine and my dad's hunting rifles[?]

Q.    Okay.  Was it a long conversation?

A.    No.

. . .

Q.    On May 16th or any time before that, did Mrs. Dixon ever tell you, you owed her money?

A.    Yes.

Q.    Did you ever pay her any money?

A.    I've paid her.

Q.    Did you pay her money as a result of her saying you owed her money?

A.    No.

Q.    Did she ever indicate to you what would happen if you didn't tell her – didn't pay her?

A.    Yes.

N.T. Trial, 11/19/15, at 55-56. Defense counsel objected to this line of questioning, and the court thereafter granted a mistrial because the statements regarding Hollabaugh owing Dixon money had not been disclosed to defense counsel.

Dixon contends that the failure to disclose the allegedly inculpatory statements that the Commonwealth learned of immediately prior to trial was a deliberate and intentional tactic to deny her a fair trial. There is no dispute that the Commonwealth was required to disclose the statements prior to trial, and we do not condone the Commonwealth's serious failure to uphold its obligation to provide the required discovery to defense counsel. However, based upon the timing in which the statements were made to the Commonwealth and the representations made by ADA Ferguson during the sidebar discussion when defense counsel moved for a mistrial, the trial court determined that the Commonwealth did not intend to prejudice Dixon or force her to move for a mistrial. ADA Ferguson stated that his intent in placing Hollabaugh on the stand was to obtain "the time frames of when he got the call – when he made the call because it fits in . . . within minutes [of Dixon] going over to – to Michelle Cannon's with the guns." *Id.* at 73. Thus, the trial court's credibility determination is supported in the record. ***Wood***, ***supra***.

Further, as the trial court noted, it was not "convinced that [the] omission amounted to deliberate misconduct. Even if willful, rather than inadvertent, it was not part of a 'pattern of pervasive misconduct' [quoting

***Commonwealth v. Anderson***, 38 A.3d 828, 840 (Pa. Super. 2011)] . . . nor exacerbated by attempts to hide the transgression." Trial Court Opinion, 12/15/15, at 4. Accordingly, the trial court properly ordered a new trial rather than dismissing the charges against Dixon. Even if the Commonwealth willfully withheld information of the statements, a new trial is nevertheless an appropriate remedy based upon the record in this matter. ***Burke***, ***supra***. Thus, we discern no error on the part of the trial court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/13/2016